UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Stephen Lundy Singleton, #327326, ) | C/A No.: 4:09-524-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Phillip E. Thompson, in his official and individual capacities ) | |
| as Horry County, S.C. Sheriff, ) | |
| ) | |
| Defendant. ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Stephen Lundy Singleton, filed this action under 42 U.S.C. § 1983[1] on March 5, 2009, alleging violations of his constitutional rights and seeking a "declaratory judgment stating that plaintiff's right of access to courts, right to fast and speedy trial, right to assistance of appointed counsel, right to jury trial, and right to substantive due process of liberty have been violated by defendants. . .." due to detainers placed upon him. (Complaint, p. 5). At the time of filing the complaint, plaintiff was incarcerated at Kershaw Correctional Institution but has since been released. (See defendant's Supplemental Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order, doc. #24). Defendant filed a motion for summary judgment on September 14, 2009. (Doc. #36). Because plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

summary judgment could result in the dismissal of his complaint. The plaintiff failed to file a response to the motion for summary judgment pursuant to the Roseboro Order.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendant's motion for summary judgment or the Court's Orders requiring him to respond.[2] The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

---

[2] On September 15, 2009, the Roseboro Order was mailed to plaintiff at J. Reuben Long Detention Center, 4150 J. Reuben Long Avenue, Conway, SC, 29526. On September 17, 2009, the Roseboro Order was re-mailed to plaintiff at 2704 Holmes Court North, Conway, SC 29526. (See Doc.#40).

In the alternative, the motion for TRO and motion for summary judgment will be addressed.

### B. TEMPORARY RESTRAINING ORDER/MOTION FOR SUMMARY JUDGMENT

Plaintiff filed a Motion for a Temporary Restraining Order ("TRO") on April 7, 2009, asking the court to enjoin the defendants from "taking custody, command, and control of plaintiff, pro se, until the State of South Carolina Commission on Indigent Defendants Appoint Counsel for and on behalf of plaintiff. . . . " (Doc. #8). Defendant filed a response in opposition on May 18, 2009, and filed a supplemental memorandum in response on June 1, 2009. (Doc. #15 and #24).

In the supplemental memorandum, defendant asserts that at the time plaintiff filed his complaint and Motion for TRO, plaintiff was incarcerated at the Kershaw Correctional Institution ("KCI"). However, defendant argues that the motion for TRO is moot in that plaintiff's situation has changed materially because he is no longer incarcerated at the KCI. In the supplemental response, defendant asserted that plaintiff was transported on May 28, 2009, to the J. Reuben Long Detention Center and served two arrest warrants pursuant to the hold on plaintiff's release and warrants for plaintiff's arrest issued by the Horry County Police Department. Defendant argues in his supplemental response that the relief requested is moot.

The defendant is correct that the relief plaintiff requested in his motion for TRO (doc. #9) is MOOT. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

In his memorandum in support of the motion for summary judgment, defendant asserts that this action should be dismissed in that plaintiff sought declaratory judgment and injunctive relief in

3

his complaint which is now moot. Defendant asserts that after his release from confinement at Kershaw Correctional Institution, Sheriff's deputies took custody of plaintiff and transferred him to the JRLDC in Horry County where the Horry County Police Department served plaintiff with two outstanding arrest warrants. (See Def.'s Affidavits and exhibits). Plaintiff failed to post bond set and remained in the Sheriff's custody as a pretrial detainee at the JRLDC until the disposition of his charges in August 2009. (Id.). An Assistant Public Defender was appointed to represent plaintiff on the charges, and in the summer of 2009, a plea agreement was negotiated and plaintiff entered a guilty plea on the Burglary charge and the Assistant Solicitor agreed to recommend a "time served" sentence and dismiss the Grand Larceny charge. (Id.). On August 13, 2009, plaintiff waived his right to presentment and entered his guilty plea. (Id.). Plaintiff was sentenced to 77 days, time served at the JRLDC. (Id.). On August 14, 2009, plaintiff was released from the Sheriff's custody. (Id.). Therefore, defendant asserts that his motion for summary judgment should be entered as plaintiff's transfer and release, after this action was commenced, renders any claim for injunctive or declarative relief under Section 1983 moot.

The undersigned agrees and recommends that defendant's motion for summary judgment be granted and this action dismissed as plaintiff was transferred and subsequently released making the relief he requested in his complaint moot. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams, supra; Ross, supra.

### III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of Civil Procedure.

4

In the alternative, it is RECOMMENDED that plaintiff's motion for TRO (doc. #8) be DENIED and defendant's motion for summary judgment (doc. #36) be GRANTED.

IT IS FURTHER RECOMMENDED that all outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 23, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**